**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

MARIE TRAVIS, Individually and on Behalf
of All Others Similarly Situated,

                    Plaintiff,

        v.

NAVIENT CORPORATION and NAVIENT
SOLUTIONS, INC.,

                    Defendants.

No. 2:17-cv-04885-JFB-GRB

**MEMORANDUM OF LAW IN
SUPPORT OF PROPOSED
INTERVENORS' MOTION TO
INTERVENE AND TO DISMISS, OR
IN THE ALTERNATIVE, STAY OR
TRANSFER THIS ACTION
PURSUANT TO THE FIRST-TO-FILE
RULE**

Joseph H. Meltzer
Geoffrey C. Jarvis (Admitted in E.D.N.Y.)
Zachary Arbitman
**KESSLER TOPAZ
MELTZER & CHECK, LLP**
280 King of Prussia Road
Radnor, PA  19087
Tel:  (610) 667-7706
Fax:  (610) 667-7056
Email: jmeltzer@ktmc.com
Email: gjarvis@ktmc.com
Email: zarbitman@ktmc.com

*Lead Counsel for Plaintiffs and the putative
Classes in Demyanenko-Todd et al v. Navient
Corp. et al.*, Case No. 3:17-cv-00772 (M.D.
Pa.)

## TABLE OF CONTENTS

I.  INTRODUCTION ........................................................................................................ 1

II.  RELEVANT FACTUAL AND PROCEDURAL BACKGROUND .............................. 4

    A.  The *Demyanenko-Todd* Action ........................................................................ 4

    B.  The *Travis* Action .......................................................................................... 7

III.  ARGUMENT ............................................................................................................ 8

    A.  Intervention Is Appropriate ............................................................................ 9

        1.  The Demyanenko-Todd Plaintiffs' Motion To Intervene Is Timely ........ 9

        2.  The Demyanenko-Todd Plaintiffs May Intervene As A Matter Of Right ..................................................................................................... 10

        3.  In the Alternative, This Court Should Permit The Demyanenko-Todd Plaintiffs To Intervene Under Rule 24(b) .................................... 12

    B.  Under the First-To File Rule, The *Travis* Action Should Be Dismissed, Or Alternatively, Stayed Or Transferred To The Middle District Of Pennsylvania ................................................................................................. 13

        1.  The "First-to-File" Rule And Its Application To The *Travis* Action ..... 13

        2.  The *Travis* Action Should Be Dismissed or Stayed ............................. 16

        3.  Alternatively, The *Travis* Action Should Be Transferred to the Middle District of Pennsylvania ......................................................... 17

            (a)  The *Travis* Action Could Have Been Brought Originally In The Middle District of Pennsylvania .......................................... 17

            (b)  Convenience For Parties And Witnesses Strongly Favors Transfer .................................................................................... 18

            (c)  Judicial Economy And Interests of Justice Strongly Favors Transfer .................................................................................... 19

V.  CONCLUSION ........................................................................................................ 20

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*800-Flowers, Inc. v. Intercontinental Florist, Inc.*,
    860 F. Supp. 128 (S.D.N.Y. 1994) ........................................................13

*Adam et al. v. Jacobs*,
    950 F.2d 89 (2d Cir. 1991) ....................................................................16

*AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*,
    626 F.3d 699 (2d. Cir. 2010) .................................................................16

*Alltrade, Inc. v. Uniweld Products, Inc.*,
    946 F.2d 622 (9th Cir. 1991) .................................................................14

*BBC Intern. Ltd. v. Lumino Designs, Inc.*,
    441 F. Supp. 2d 438 (E.D.N.Y. 2006) ...................................................15

*Brown v. New York*,
    947 F. Supp. 2d 317 (E.D.N.Y. 2013) ...................................................19

*Certified Multi-Media Solutions, Ltd. v. Preferred Contractors Ins. Co. Risk
    Retention Group LLC*,
    No. 14-cv-5227, 2015 WL 5675786 (E.D.N.Y. Sept. 24, 2015)......................10, 11

*Colo. River Water Conservation Dist. v. United States*,
    424 U.S. 800 (1976) ..............................................................................14

*Comcast Corp. v. Rovi Corp.*,
    No. 16-cv-3852, 2016 WL 4991625 (S.D.N.Y. Sept. 16, 2016)...........14

*Cooper v. Fed. Reserve Bank of Richmond*,
    467 U.S. 867 (1984) ..............................................................................11

*Diduck v. Kaszycki & Sons Contractors, Inc.*,
    149 F.R.D. 55 (S.D.N.Y. 1993)..............................................................10

*Employers Ins. of Wausau v. Fox Entm't Grp., Inc.*,
    522 F.3d 271 (2d Cir. 2008) ..................................................................13

*Ferens v. John Deere Co.*,
    494 U.S. 516 (1990) ..............................................................................19

*First City Nat'l Bank & Trust Co. v. Simmons*,
    878 F 2d. 76 (2d Cir. 1989) ..................................................................13

*H.L. Hayden Co. Inc. v. Siemens Med. Sys. Inc.*,
   797 F.2d 85 (2d. Cir. 1986) ........................................................................... 12

*Harris v. Sandler*,
   No. 76-cv-930, 1978 WL 947 (S.D.N.Y. Apr. 14, 1978) ...................................... 18

*Hilton v. Apple, Inc.*,
   No. C-13-2167, 2013 WL 5487317 (N.D. Cal. Oct. 1, 2013) ................................ 15

*Inherent.com v. Martindale-Hubbell*,
   420 F. Supp. 2d 1093 (N.D. Cal. 2006)............................................................ 17

*J. Lyons & Co. Ltd. v. Republic of Tea, Inc.*,
   892 F. Supp. 486 (S.D.N.Y. 1995) .............................................................. 15, 16

*Koehler v. Pepperidge Farm, Inc.*,
   No. 13-cv-2644, 2013 WL 4806895 (N.D. Cal. Sept. 9, 2013) ......................... 14, 15

*Lopez v. Bell Sports, Inc.*,
   No. 14-cv-2530, 2014 WL 6473533 (E.D.N.Y. Nov. 18, 2014)............................... 9

*MacKenzie v. Flagstar Bank, FSB*,
   738 F.3d 468 (1st Cir. 2013).............................................................................. 2

*McCausland v. Shareholders Mgmt. Co.*,
   52 F.R.D. 521 (S.D.N.Y. 1971) ...................................................................... 12

*Medlock v. HMS Host USA, Inc.*,
   No. 10-cv-2167, 2010 WL 5232990 (E.D. Cal. Dec. 16, 2010)............................. 15

*Merial Ltd. v. Cipla Ltd.*,
   681 F.3d 1283 (Fed. Cir. 2012) ....................................................................... 13

*Neuralstem, Inc. v. Stemcells, Inc.*,
   573 F. Supp. 2d 888 (D. Md. 2008)................................................................... 13

*New Jersey Carpenters Health Fund v. Residential Capital, LLC*,
   Nos. 08-cv-8781, 08-cv-5093, 2010 WL 5222127 (S.D.N.Y. Dec. 22, 2010)........ 10, 11

*New York News, Inc. v. Kheel*,
   972 F.2d 482 (2d Cir. 1992) ........................................................................... 10

*NY TDA, Inc. v. City of New York*,
   No. 11-cv-1836, 2014 WL 4274219 (E.D.N.Y. Aug. 28, 2014) ............................ 12

*Oleg Cassini, Inc. v. Serta, Inc.*,
   No. 11-cv-8751, 2012 WL 844284 (S.D.N.Y. Mar. 13, 2012) .............................. 13

*SEC v. Callahan*,
　2 F. Supp. 3d 427 (E.D.N.Y. 2014) ....................................................... 9

*Silver Line Bldg. Prods. LLC v. J-Channel Indus. Corp.*,
　12 F. Supp. 3d 320 (E.D.N.Y. 2014) ............................................... 14, 15

*Trbovich v. United Mine Workers of Am.*,
　404 U.S. 528 (1972) ......................................................................... 11

*United States v. Pitney Bowes, Inc.*,
　25 F.3d 66 (2d Cir. 1994) ................................................................... 9

*Van Dusen v. Barrack*,
　376 U.S. 612 (1964) ......................................................................... 18

*Wagner v. Akin Gump Strauss Hauer & Feld LLP*,
　No. 16-cv-3532, 2017 WL 176328 (S.D.N.Y. Jan. 17, 2017) ....................... 13, 16

*Williams v. Connell*,
　No. 12-cv-3593, 2017 WL 2829686 (E.D.N.Y. June 29, 2017) ................. 18, 19, 20

*Wyler-Wittenberg v. MetLife Home Loans, Inc.*,
　899 F. Supp. 2d 235 (E.D.N.Y. 2012) ................................................... 14

*Yarger v. ING Bank*,
　*fsb,* 285 F.R.D. 308 (D. Del. 2012) .................................................. 3, 12

*Zanghi v. Freightcar Am., Inc.*,
　38 F. Supp. 3d 631 (W.D. Pa. 2014) ..................................................... 13

**Federal Statutes**

28 U.S.C. § 1332(d) (2) ....................................................................... 18

28 U.S.C. § 1391(c) ........................................................................... 18

28 U.S.C. § 1404(a) ................................................................. 4, 17, 18, 19

**State Statutes**

Consumer Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.* ....................... 6

Del. Code Ann. Title 6, §§ 2511 *et seq.* .............................................. 3

Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ................... 6

**Rules**

FED. R. CIV. P. 16 .................................................................... *passim*

FED. R. CIV. P. 16(b) ........................................................................................................... 19

FED. R. CIV. P. 24 ........................................................................................................ *passim*

FED. R. CIV. P. 24(a) ............................................................................................................ 11

FED. R. CIV. P. 24(a)(2) ............................................................................................... 8, 9, 10

FED. R. CIV. P. 24(b) ....................................................................................................... 8, 12

FED. R. CIV. P. 24(b)(1)(B) ................................................................................................. 12

**Other Authorities**

*Moore's Fed. Prac.* ¶ 24.10[2] (2d ed.) ............................................................................ 12

Restatement (Second) of Contracts § 313 cmt. a (1981) .................................................... 3

Proposed Intervenors Olga Demyanenko-Todd, Kimberly Force, and Melissa Miller ("Demyanenko-Todd Plaintiffs") respectfully move pursuant to Federal Rule of Civil Procedure 24 to intervene in the above-captioned action (the "*Travis* Action") filed by Plaintiff Marie Travis ("Plaintiff Travis") for the limited purpose of seeking to dismiss or, in the alternative, to stay or transfer the *Travis* Action under to the first-to-file rule.

## I.    INTRODUCTION

On May 1, 2017, Plaintiff Olga Demyanenko-Todd filed a class action lawsuit in the Middle District of Pennsylvania against Defendants Navient Corporation, Navient Solutions, LLC and Navient Solutions, Inc. (collectively "Navient"), entitled *Demyanenko-Todd, et al. v. Navient Corporation, et al*, No. 3:17-cv-00772 (M.D. Pa.) (the "*Demyanenko-Todd* Action").[1] The *Demyanenko-Todd* Action follows a regulatory action filed in the Middle District by the Consumer Financial Protection Board – against the same defendants – entitled *Consumer Financial Protection Bureau v. Navient Corporation, et al*., No. 3:17-cv-00101 (M.D. Pa.) (the "CFPB Action") (filed January 18, 2017).  Both cases are pending before the Honorable Robert D. Mariani and both allege malfeasance by Navient in connection with the servicing of student loans.  The Middle District was selected as the locus for these cases because Navient has one of its largest call centers located within the District in Scranton, PA, and many witnesses and documents related to Navient's servicing of student loans are located there.  While containing substantial factual similarities, *Demyanenko-Todd* Action and the CFPB Action are based upon entirely different legal theories.  Both actions are well under way, with the CFPB Action having survived a motion to dismiss (*see* Jarvis Decl., ¶ 15, Ex. C.) and beginning discovery, and the

---

[1] *See* Declaration of Geoffrey C. Jarvis In Support of Proposed Intervenors' Motion to Intervene and to Dismiss, Or in the Alternative, Stay or Transfer This Action Pursuant to the First-To-File Rule ("Jarvis Decl."), Ex. A.  Plaintiffs Force and Miller were added in a First Amended Class Action Complaint ("FAC"), filed on August 21, 2017.  Jarvis Decl., Ex. B.

*Demyanenko-Todd* Action in the midst of motion to dismiss briefing and with a Rule 16 conference to be held in less than three weeks. *Demyanenko-Todd* Action, ECF No. 20.

Despite the pendency of these proceedings, Plaintiff Travis filed the copycat *Travis* Action in this district more than three (3) months after the filing of the *Demyanenko-Todd* Action (and more than seven (7) months after the CFPB Complaint), alleging virtually the same facts as the two pending actions (Plaintiff Travis extensively cites to the CFPB Complaint), the same legal theories as the first-filed *Demyanenko-Todd* Action, and against largely the same defendants (Navient Corporation and Navient Solutions, Inc.).[2]  *See* Jarvis Decl., at ¶ 9; *also compare* ECF No. 1, *with* Jarvis Decl., Ex. A.  Significantly, in selecting this district as the locus of her belated action, Plaintiff Travis picked a venue that has no Navient facilities or any other relationship (other than her residence) to the claims she asserts on behalf of a nationwide class of student borrowers.

Plaintiff Travis's second-filed, copycat class action flies in the face of judicial efficiency and potentially will result in inconsistent rulings and wasted time, energy and resources. Moreover, even while generally asserting the same legal theories as the pending *Demyanenko-Todd* Action, it does so in a flawed fashion.  For example, the *Demyanenko-Todd* Action initially brought two contract claims, one based upon a Master Promissory Note ("MPN"), and the second based upon a servicing contract between the Department of Education and Navient.  *See* Jarvis Decl., Ex. A.  In their FAC (Jarvis Decl., Ex. B), however, after conducting additional legal research, the Demyanenko-Todd Plaintiffs voluntarily dismissed the contract claim based upon the servicing agreement, because it became apparent that the federal courts had rejected claims by borrowers seeking to bring third party claims under similar agreements.  *Id.* at ¶ 6; *see*

---

[2] Navient Solutions, LLC, which is not named in the *Travis* Action, is the predecessor to Navient Solutions Inc.  *See* Jarvis Decl., at ¶ 9.

*also generally MacKenzie v. Flagstar Bank, FSB,* 738 F.3d 468, 491 (1st Cir.   2013) ("'[g]overnment contracts often benefit the public, but individual members of the public are treated as incidental beneficiaries [who may not enforce a contract] unless a different intention is manifested.'") (quoting Restatement (Second) of Contracts § 313 cmt. a (1981)).   Imprudently, the *Travis* Action only copied the Demyanenko-Todd Plaintiffs' claim based upon the servicing contract, and has taken no steps to add the more legally defensible MPN claim, or withdraw its unsustainable copycat claim.

The *Travis* Action also brings two state law deceptive trade practice claims that are virtually identical to those asserted in the initial *Demyanenko-Todd* Complaint.   For instance, the initial Complaint in the *Demyanenko-Todd* Action brought a claim under the Delaware Consumer Fraud Act ("DCFA"), 6 Del. Code Ann. Tit. 6, §§ 2511 *et seq.*, on behalf of a nationwide class (Count V).   *See* Jarvis Decl., Ex. A.   The *Travis* Action copied this claim, and made it Count I of her own Complaint.   ECF No. 1, at ¶¶ 126-35.   In the FAC, however, the Demyanenko-Todd Plaintiffs tailored their class definition under the DCFA claim to ten (10) states, in light of case law limiting the scope of that claim.   *See Yarger v. ING Bank, fsb,* 285 F.R.D. 308, 323 (D. Del. 2012) (finding "the DCFA may be applied to class members outside of Delaware 'so long as the members' own state consumer fraud statutes do not have material conflict with the Delaware statute…'"); *see also* Jarvis Decl., at ¶ 11.   The DCFA claim in *Travis* Complaint remains broadly pled.[3]

The *Travis* Action further copied, to a significant extent, the class definition in the *Demyanenko-Todd* Complaint, since both cases consist of borrowers whose federal student loans were serviced by Navient and/or its predecessors between January 1, 2010 and the present, and

---

[3] Plaintiff Travis also pled a claim under New York consumer law (ECF No. 1, Count III) that is substantively identical to a claim in both the initial *Demyanenko-Todd* Complaint and the FAC.   *See* Jarvis Decl., Ex. A (Count IV), Ex. B (Count III).

who were enrolled in forbearance for more than three months prior to being enrolled in an income-driven repayment plan and/or are or were enrolled in consecutive forbearance for more than twelve months.  Put simply, Plaintiff Travis's claims are subsumed within – or are identical to – the more comprehensive and targeted claims set forth in the first-filed *Demyanenko-Todd* Action, and thus the *Travis* Action should be dismissed or stayed under the well-established first-to-file rule.

Alternatively, it would be appropriate for the Court to transfer the *Travis* Action to the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1404(a).  Judge Mariani is intimately familiar with the matters at issues in this case.  Not only has Judge Mariani been presiding over the *Demyanenko-Todd* Action for more than four months, he has also been presiding over the related CFPB Action for more than nine months, and has issued a substantive ruling on Navient's motion to dismiss in that case.  *See* Jarvis Decl., ¶ 15, Ex. C.  Thus, to avoid waste and inconsistent rulings, this Court should permit the Proposed Intervenors to join this action under Rule 24, and then, applying the first-to-file rule, should dismiss or, in the alternative, stay or transfer this litigation to the Middle District of Pennsylvania for adjudication with the first-filed *Demyanenko-Todd* Action.

## II.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

### A.    The *Demyanenko-Todd* Action

Navient, formally known as Sallie Mae, is the largest student loan servicing company in the United States.  Headquartered in Wilmington, Delaware, Navient is responsible for servicing more than $300 billion in federal and private student loans for more than 12 million borrowers.

On May 1, 2017, Olga Demyanenko-Todd ("Demyanenko-Todd"), a citizen of the State of New York, residing in Astoria, New York, filed the *Demyanenko-Todd* Action against Navient as a putative class action in the Middle District of Pennsylvania on behalf of herself and

similarly situated student loan borrowers who were harmed as a result of Navient's unlawful and deceptive student loan servicing practices.  *See* Jarvis Decl., ¶ 5; Ex. A.  Demyanenko-Todd asserted contract and consumer protection claims against Navient on behalf of nationwide classes and a New York Subclass.  *Id.*  Demyanenko-Todd chose to file in the Middle District of Pennsylvania because Navient's major national call center – the epicenter of Navient's violations – is based in Wilks-Barre, Pennsylvania, and the analogous CFPB Action was already pending in that District for several months.  *See* Jarvis Decl., ¶ 6; Ex. A, at ¶ 28.

The operative *Demyanenko-Todd* Complaint (the FAC) alleges that Navient failed to inform struggling borrowers about the availability of more affordable loan repayment options, such as income-driven repayment ("IDR") plans, and instead improperly steered such borrowers into costly forbearance.  *See* Jarvis Decl., Ex. B, at ¶¶ 70-100.  For borrowers experiencing long-term financial hardship, enrollment in an IDR plan would have been significantly more advantageous than forbearance.  *Id.*, at ¶¶ 79-101.  Among other benefits, IDR plans reduce borrowers' monthly payments based on their income and family size and, in some circumstances, may allow them to receive interest subsidies or loan forgiveness.  *Id.*  By contrast, forbearance is typically unsuitable for borrowers whose financial hardship is not temporary because their loans continue to accumulate unpaid interest, which is added to the loan's principal balance during the period of forbearance.  Moreover, in some cases, a loan may be re-amortized following forbearance, which could lead to an increase in the borrower's monthly payment amount.  *Id.*, at ¶¶ 74-78.

Such steering benefitted Navient by reducing costs associated with the additional staff resources.  *Id.*, at ¶¶ 79-101.  In particular, the FAC alleges that, as part of a strategy to reduce costs and increase profits, Navient adopted compensation policies that paid its customer service

representatives, in part, based on average call time with borrowers.  *Id.*, at ¶¶ 86-88.  Given that enrolling borrowers in IDR plans is more time-consuming than enrolling them in forbearance, Navient customer representatives were incentivized to hastily push borrowers into forbearance without adequately discussing IDR plans with them.  *Id.*, at ¶¶ 89-98.  As a result, numerous borrowers suffered significant damages associated with, among other things, the addition of unpaid, accrued interest in principal balances of their loans; the loss of an interest subsidiary from the federal government; and delayed progress towards loan forgiveness.  *Id.*, at ¶¶ 98-101.

On July 10, 2017, Navient filed a motion to dismiss the Demyanenko-Todd Plaintiffs' initial Complaint.  *See Demyanenko-Todd* Action, ECF No. 17.  On August 21, 2017, Demyanenko-Todd filed her FAC, adding Kimberly Force and Melissa Miller, residents of California and Florida respectively.[4]  *See* Jarvis Decl., ¶ 7; Ex. B.  The *Demyanenko-Todd* FAC alleges claims on behalf of a nationwide class, and New York, California, Delaware, and Florida Subclasses.  *Id.*, at ¶ 121.  Specifically, the *Demyanenko-Todd* Action alleges claims against Navient for: (1) breach of contract on behalf of a nationwide class; (2) violation of the DCFA on behalf of the Delaware Subclass (which consists of residents of ten (10) states); (3) violation of the New York General Business Law ("NYGBL"), N.Y. Gen. Bus. Law § 349 on behalf of the New York Subclass (New York residents only); (4) violation of the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.* on behalf of the California Subclass (California residents only); (5) violation of Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.* on behalf of the California Subclass (California residents only); and (6) violation of

---

[4] In addition to adding plaintiffs Force and Miller and their state consumer protection claims, in light of Navient's initial motion to dismiss and counsel for the Demyanenko-Todd Plaintiffs' due diligence and additional pre-discovery investigations, the FAC, as noted above, also dropped the Demyanenko-Todd Plaintiffs' third party beneficiary breach of contract claim based upon the service agreement between the Department of Education and Navient and limited the scope of the class seeking damages under the DCFA.  *See supra* pp. 2-3.  *See also* Jarvis Decl., at ¶ 8.

Florida's Unfair & Deceptive Trade Practices Act, ("FUDTPA"), Fla. Stat. § 501.201 *et seq.* on behalf of the Florida Subclass (Florida residents only).  *See* Jarvis Decl., Ex. B, at ¶¶ 134-217. The *Demyanenko-Todd* Action seeks certification of these classes on behalf of borrowers whose federal student loans were serviced by Navient and/or its predecessors between January 1, 2010 and the present, and who were enrolled in forbearance for more than three months prior to being enrolled in an IDR plan and/or are or were enrolled in consecutive forbearances for more than twelve months.  *Id.*, ¶ 121.

On September 20, 2017, Navient filed a renewed motion to dismiss, which is currently pending before the Honorable Robert D. Mariani.  *See Demyanenko-Todd* Action, ECF Nos. 27, 28.  Judge Mariani set the Rule 16 pretrial conference for October 19, 2017.  *Demyanenko-Todd* Action, ECF No. 20.  Judge Mariani further ordered that the Demyanenko-Todd Plaintiffs' motion for class certification be filed within 120 days following the Rule 16 conference. *Demyanenko-Todd* Action, ECF No. 25.

### B.    The *Travis* Action

On August 18, 2017, more than three months the *Demyanenko-Todd* Action commenced, and more than a month after the defendants in *Demyanenko-Todd* Action filed their initial motion to dismiss, Plaintiff Travis filed a Complaint against Navient bringing claims that are largely identical to those raised in the initial *Demyanenko-Todd* Complaint, and which concern the same wrongful conduct.  *Compare* ECF No. 1 with Jarvis Decl., Ex. A.  The *Travis* Action is brought on behalf of nationwide classes for violation of the DCFA (Count I); breach of servicing contract between Navient and Department of Education claiming injury to third-party beneficiaries (Count II); and declaratory judgment (Count IV).  *See* ECF No. 1, at ¶¶ 125-44, 157-61.  The *Travis* Action is also brought on behalf of a New York Sub-class, alleging claims

for violation of the NYGBL (Count III).[5]  *Id.* at ¶¶ 145-56.  The *Travis* Action seeks certification of these classes on behalf of borrowers whose federal student loans were serviced by Navient and/or its predecessors between January 1, 2010 and the present and who were placed in forbearance.  *Id.* at ¶¶ 118, 119.  Notably, the *Travis* Complaint alleges contract theories that were originally filed by the Demyanenko-Todd Plaintiffs, but later voluntarily removed from the *Demyanenko-Todd* Action following further pre-discovery investigations, due diligence, and legal research conducted by counsel for the Demyanenko-Todd Plaintiffs.  *See* Jarvis Decl., ¶ 12. The *Travis* Complaint further contains a nationwide DCFA claim that was substantially reduced in geographic scope in the amended *Demyanenko-Todd* Complaint.  *See* Jarvis Decl., ¶ 11.

On September 18, 2017, counsel for Navient filed a Stipulation to Extend Time to Respond to Complaint until November 3, 2017, which this Court granted.  *See* ECF No. 12.  A limited appearance by Navient's counsel has been entered in the *Travis* Action.  No Rule 16 Conference has been scheduled.  No related actions are pending in this District.

## III.    ARGUMENT

The Demyanenko-Todd Plaintiffs' motion requires a two-step approach: first, the Court must determine whether intervention is appropriate, and second, if intervention is granted, it must decide whether or not to dismiss, stay or transfer the case pursuant to the first-to-file rule. As discussed fully below, given the "substantially overlapping" parties and claims in the first-filed *Demyanenko-Todd* Action and this later filed action, intervention is appropriate, as is grant of a motion to dismiss, or alternatively, stay or transfer the *Travis* Action under comity principles of the first-to-file rule.

---

[5] This Count is substantively identical to a claim in both the initial Complaint and the FAC in the *Demyanenko-Todd* Action.  *See* Jarvis Decl., Ex. A (Count VI) & Ex. B (Count III).

A.   **INTERVENTION IS APPROPRIATE**

Motions to intervene are governed by Federal Rule of Civil Procedure 24, which provides for two types of intervention: intervention as of right (Rule 24(a)(2)) and permissive intervention (Rule 24(b)).   *See Lopez v. Bell Sports, Inc.*, No. 14-cv-2530, 2014 WL 6473533, at *1 (E.D.N.Y. Nov. 18, 2014).   As explained below, intervention under both provisions is appropriate here.

### 1.   The Demyanenko-Todd Plaintiffs' Motion To Intervene Is Timely

The Demyanenko-Todd Plaintiffs' Motion is timely for the purposes of either Rule 24(a)(2) or 24(b).   In determining timeliness, the factors to consider are "(1) how long the applicant had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness."   *SEC v. Callahan*, 2 F. Supp. 3d 427, 438 (E.D.N.Y. 2014) (quoting *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994)).   As explained below, each of these factors demonstrate the timeliness of this motion.

First, the *Travis* Action has been pending for just over six weeks at the time of this motion to intervene, and only two weeks since the first action by defendants (seeking an extension of time to answer).   Thus, proposed intervenors have been on notice for only a relatively short time prior to making the instant motion.   Second, there is absolutely no prejudice to any party in the instant action.   Navient's response to the Complaint is not due until November 3, 2017 (*see* ECF No. 12) thus there is no prejudice to it.   Nor is there any prejudice to Plaintiff Travis since she has not engaged in any briefing or discovery, and no Rule 16 Conference has even been scheduled.   Third, the Demyanenko-Todd Plaintiffs would be prejudiced since there is the risk of competing actions and rulings that could negatively impact their prior first-filed

action.  *See infra* Section III.A.2.  Finally, there are no unusual circumstances militating for or against a finding of timeliness.  Accordingly, the instant motion should be deemed to be timely filed.

**2.      The Demyanenko-Todd Plaintiffs May Intervene As A Matter Of Right**

To intervene as of right under Rule 24(a)(2), an applicant must "(1) timely file an application, (2) demonstrate an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) demonstrate that the interest is not protected adequately by the parties to the action."  *See Certified Multi-Media Solutions, Ltd. v. Preferred Contractors Ins. Co. Risk Retention Group LLC*, No. 14-cv-5227, 2015 WL 5675786, at *6 (E.D.N.Y. Sept. 24, 2015); *New York News, Inc. v. Kheel*, 972 F.2d 482, 485 (2d Cir. 1992).

Here, the Demyanenko-Todd Plaintiffs have filed a timely application (*see supra* Section III.A.1), and also meet the remaining requirements of the rule.  First, they have a direct and significant interest in this litigation, and that interest might be impaired by conflicting rulings in this action.  The *Travis* Action and the *Demyanenko-Todd* Action are class actions, and both seek to represent the same classes of persons.  In fact, all three of the Demyanenko-Todd Plaintiffs would be members of the classes identified in the *Travis* Complaint.  In addition, the *Travis* Action purports to represent the same class members who are included within the proposed class in the first-filed *Demyanenko-Todd* Action.  Accordingly, the Demyanenko-Todd Plaintiffs have a strong interest in making sure that the overall litigation is efficiently conducted, and that their rights, and the rights of those they seek to represent, are fully protected.  It is for this reason that intervention in class actions is commonly granted to absent class members since, upon certification, "members of a class are normally bound by the judgment in the class action." *Diduck v. Kaszycki & Sons Contractors, Inc.,* 149 F.R.D. 55, 58 (S.D.N.Y. 1993); *see also New*

*Jersey Carpenters Health Fund v. Residential Capital, LLC*, Nos. 08-cv-8781, 08-cv-5093, 2010 WL 5222127, at *4 (S.D.N.Y. Dec. 22, 2010) ("[a]ny disposition on the merits would inevitably affect [absent class members'] claims since they arise from the same course of conduct and assert the same legal theories as the current plaintiffs[]"); *Cooper v. Fed. Reserve Bank of Richmond*, 467 U.S. 867, 874 (1984) ("There is of course no dispute that under elementary principles of prior adjudication a judgment in a properly entertained class action is binding on class members in any subsequent litigation.")

The final requirement under Rule 24(a) "is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that should be treated as minimal." *See Certified Multi-Media Solutions, Ltd.*, 2015 WL 5675786, at *12 (citing *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972)). That "minimal" burden is easily satisfied here. There are certain legal differences between the pleadings in the two actions indicate that Plaintiff Travis will not adequately represent the Demyanenko-Todd Plaintiffs' interests.

For instance, the *Travis* Action ignores important causes of action and theories of liability. The initial *Demyanenko-Todd* Complaint contained a contract claim based upon the Master Promissory Note ("MPN"). *See* Jarvis Decl., Ex. A at ¶¶ 134-141. After conducting additional research, counsel concluded that claim was wholly viable. *See* Jarvis Decl., ¶ 13. The *Travis* Action, on the other hand, contains no such claim (even though they could have copied it from the initial *Demyanenko-Todd* Complaint as they did the other contract claim). Moreover, the breach of contract claim that is asserted in the *Travis* Action is a third party beneficiary claim, which was first crafted and asserted by the Demyanenko-Todd Plaintiffs, but later voluntarily dismissed upon further due diligence and investigation of the claims. *See* Jarvis

Decl., ¶ 12.  Finally, unlike the *Demyanenko-Todd* Complaint, the *Travis* Action (which was filed well after the initial motion to dismiss in the *Demyanenko-Todd* Action pointed out this issue) alleges a DCFA claim that overreaches by seeking to certify a nationwide DCFA claim. Jarvis Decl., ¶ 11.  Plainly put, the Demyanenko-Todd Plaintiffs' interests are far from adequately protected by the *Travis* Action.  Thus, the Demyanenko-Todd Plaintiffs should be permitted to intervene in this action as of right.

### 3.  In The Alternative, This Court Should Permit The Demyanenko-Todd Plaintiffs To Intervene Under Rule 24(b)

Permissive intervention under Rule 24(b) is at the discretion of the district court, which "should consider whether intervention will unduly delay or prejudice the adjudication of the rights of the original parties and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *NY TDA, Inc. v. City of New York*, No. 11-cv-1836, 2014 WL 4274219, at *2 (E.D.N.Y. Aug. 28, 2014) (citing *H.L. Hayden Co. Inc. v. Siemens Med. Sys. Inc.*, 797 F.2d 85, 89 (2d. Cir. 1986)).  Rule 24(b) permits intervention where the movant "has a claim or defense that shares with the main action a common question of law or fact."  FED. R. CIV. P. 24(b)(1)(B).

Although the Demyanenko-Todd Plaintiffs satisfy the requirements to intervene as a matter of right, permissive intervention warranted.  Here, there is no question that the Demyanenko-Todd Plaintiffs meet the "common question of law or fact" requirement.  The *Travis* Action involves the same underlying factual allegations, violations, and defendants as those in the Demyanenko-Todd Plaintiffs' Complaint, and as a result, if a class were certified in the *Travis* Action, the Demyanenko-Todd Plaintiffs would be members of that class.  *See e.g.*, *McCausland v. Shareholders Mgmt. Co.*, 52 F.R.D. 521, 523 (S.D.N.Y. 1971) ("The most

obvious case for permissive intervention, of course, is the situation where the intervenor has a claim against the defendant similar to or identical with that asserted by the plaintiff.") (quoting 3B *Moore's Fed. Prac.* ¶ 24.10[2], at 24-357 (2d ed.)).  Further, as the *Travis* Action has just begun, with no responsive pleading yet filed, permissive intervention would not prejudice the original parties.

### B.   UNDER THE FIRST-TO-FILE RULE, THE *TRAVIS* ACTION SHOULD BE DISMISSED, OR ALTERNATIVELY, STAYED OR TRANSFERRED TO THE MIDDLE DISTRICT OF PENNSYLVANIA

#### 1.   The "First-to-File" Rule And Its Application To The *Travis* Action

Courts across the country, including those in New York, have long held that where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption that favors the forum of the first-filed suit.  *See 800-Flowers, Inc. v. Intercontinental Florist, Inc.*, 860 F. Supp. 128, 131 (S.D.N.Y. 1994); *Oleg Cassini, Inc. v. Serta, Inc.*, No. 11-cv-8751, 2012 WL 844284, at *3 (S.D.N.Y. Mar. 13, 2012); *Employers Ins. of Wausau v. Fox Entm't Grp., Inc.*, 522 F.3d 271, 275 (2d Cir. 2008).  This "first-to-file" rule is "based on the principle that 'where there are two competing lawsuits, the first should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second.'"  *Wagner v. Akin Gump Strauss Hauer & Feld LLP*, No. 16-cv-3532, 2017 WL 176328, at *1 (S.D.N.Y. Jan. 17, 2017) (quoting *First City Nat'l Bank & Trust Co. v. Simmons*, 878 F 2d. 76, 79 (2d Cir. 1989)).

The underlying purpose of the first-to-file rule is to promote efficiency and should not be disregarded lightly.  *See Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012); *Zanghi v. Freightcar Am., Inc.*, 38 F. Supp. 3d 631, 638-39 (W.D. Pa. 2014); *Neuralstem, Inc. v. Stemcells, Inc.*, 573 F. Supp. 2d 888, 900 (D. Md. 2008).  "The Supreme Court has repeatedly observed that, under the doctrine of comity, when cases involving substantially overlapping

issues are pending before two different federal district courts, "[w]ise judicial administration" counsels the avoidance of duplicative litigation." *Comcast Corp. v. Rovi Corp.*, No. 16-cv-3852, 2016 WL 4991625, at *2 (S.D.N.Y. Sept. 16, 2016) (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). Thus, the first-to-file rule allows courts to thwart "duplicative litigation by adhering to the inherently fair concept that the party who commenced the first suit should generally be the party to attain its choice of venue." *Wyler-Wittenberg v. MetLife Home Loans, Inc.*, 899 F. Supp. 2d 235, 244 (E.D.N.Y. 2012).

Motions based on the first-to-file rule are generally decided on three factors: (1) chronology of the actions, (2) similarity of the parties and (3) similarity of the issues. *See, e.g.*, *Silver Line Bldg. Prods. LLC v. J-Channel Indus. Corp.*, 12 F. Supp. 3d 320, 325 (E.D.N.Y. 2014) (staying action under first-to-file doctrine); *Koehler v. Pepperidge Farm, Inc.*, No. 13-cv-2644, 2013 WL 4806895, at *2 (N.D. Cal. Sept. 9, 2013); *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 625 (9th Cir. 1991) (first-to-file rule may be invoked "when a complaint involving the same parties and issues has already been filed in another district."). Based upon the facts herein, there simply is no reason to disregard the first-to-file rule.

First, *Demyanenko-Todd* Action was filed first on May 1, 2017, in the United States District Court for the Middle District of Pennsylvania. *See* Jarvis Decl., ¶ 5, Ex. A. The motion to dismiss briefing is ongoing (Defendants' renewed MTD was filed on September 20, 2017) and a Rule 16 conference is scheduled for October 19, 2017. *Demyanenko-Todd* Action, ECF Nos. 20, 28. The *Travis* Action followed, and was filed on August 18, 2017 – more than three months after the *Demyanenko-Todd* Action. *See* Jarvis Decl., ¶ 9.

Second, the similarity of the parties supports application of the first-to-file rule. In a class action, similarity of parties has been found where the actions share at least one common

defendant and the putative class of the second action is similar to or at least partially subsumed within the putative class of the first-filed action.  *See Silver Line Bldg. Prods. LLC*, 12 F. Supp. 3d at 326 ("[a] rigid requirement that there be identical parties in the actions at issue would be at odds with the [first-to-file] rule's flexible nature…"); *see also Hilton v. Apple, Inc.*, No. C-13-2167, 2013 WL 5487317, at *7-8 (N.D. Cal. Oct. 1, 2013); *Medlock v. HMS Host USA, Inc.*, No. 10-cv-2167, 2010 WL 5232990, at *4 (E.D. Cal. Dec. 16, 2010).[6]  As discussed in detail above, Plaintiff Travis, and the classes she seeks to represent, are completely subsumed in the pending *Demyanenko-Todd* Action, and the Navient defendants are the same in both actions.  *See* Jarvis Decl., ¶ 9; *also compare* ECF No. 1, *with* Jarvis Decl., Ex. B.  Thus, the actions clearly have substantially similar parties.

Third, the "substantial" similarity of the issues in the two cases supports application of the first-to-file rule.  *See Medlock*, 2010 WL 5232990, at *5.  Both actions address the similar breach of contract and consumer protection violations, and contain near identical factual allegations against Navient.  Given the similarities of the parties and issues, and the fact that the second-filed *Travis* Action has not progressed beyond the first-filed *Demyanenko-Todd* Action, the first-to-file rule should be applied.

There are certain, limited exceptions to the first-to-file rule.  Such exceptions include whether the suit was anticipatory, the existence of forum shopping, and convenience to the witnesses and parties.  *Silver Line Bldg. Prods. LLC*, 12 F. Supp. 3d at 327 (identifying convenience factors for witness and parties); *BBC Intern. Ltd. v. Lumino Designs, Inc.*, 441 F. Supp. 2d 438, 444-45 (E.D.N.Y. 2006) (identifying forum shopping); *J. Lyons & Co. Ltd. v.*

---

[6] In fact, a court can dismiss or transfer a copycat class action even if, as is often the case, the copycat action alleges a broader class than that of the first-filed action, such as a broader scope of class members and/or the addition of other products of defendant.  *See, e.g.*, *Koehler*, 2013 WL 4806895, at *4 (ordering transfer under first-to-file rule where proposed class in new action encompassed purchasers of all Goldfish crackers, whereas proposed class in first suit encompassed only purchasers of "Cheddar" Goldfish crackers).

*Republic of Tea, Inc.*, 892 F. Supp. 486, 491 (S.D.N.Y. 1995) (recognizing anticipatory litigation exception).  As explained below, in this case, these limited exceptions do not weigh against application of the first-to-file rule.

First, the *Travis* Action was not anticipatory as Navient would not have had any desire to bring a lawsuit against Plaintiff Travis.  Second, Navient is headquartered in Wilmington, Delaware, and one of its largest call centers is based in Wilks-Barre, Pennsylvania, which is in the Middle District of Pennsylvania where the *Demyanenko-Todd* Action and an analogous regulatory action by the CFPB are already pending.  Many of Navient's witnesses and relevant documents will likely be located in the Middle District of Pennsylvania.  Consequently, the convenience factors favor the first-filed case.  Navient has no substantial presence in the Eastern District of New York.  Third, Plaintiff Demyanenko-Todd – the lead named plaintiff in the *Demyanenko-Todd* Action – resides in New York.  Thus, there was not an attempt at forum shopping.  In sum, there exist no compelling circumstances to dispense with the application of the first-to-file rule, and the Court should dismiss or, in the alternative, stay this action.

## 2.    The *Travis* Action Should Be Dismissed Or Stayed

When the first-to-file rule is found applicable – as is the case here – the rule provides the Court with the power to transfer, stay or dismiss the later filed action.  *See Wagner*, 2017 WL 176328, at *1.  Because parties "should be free from the vexation of concurrent litigation over the same subject matter," there is a presumption that a later-filed lawsuit will be transferred or dismissed.  *See Wagner*, 2017 WL 176328, at *1 (quoting *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 722 (2d. Cir. 2010)); *see also Adam et al. v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991).  The fact that a later suit contains varied allegations, additional legal claims or different legal claims does not preclude the court from dismissing, staying or transferring the action if the suit involves the same or substantially similar controversy or

dispute. *See, e.g.*, *Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1099 (N.D. Cal. 2006).

Here, the *Travis* Action involves the same defendants as those named in the first-filed *Demyanenko-Todd* Action. *See* Jarvis Decl., ¶ 9. There is significant overlap of the two cases, as the Complaints in both matters encompass some of the same nationwide class of consumers. *See* Jarvis Decl., ¶ 10; *also compare* ECF No. 1 at ¶ 118, *with* Jarvis Decl., Ex. A at ¶ 114; Ex. B at ¶ 121. Indeed, even a cursory glance at both Complaints makes clear that they both pertain to the same alleged violations of state-based deceptive trade practice claims, and include counts for breach of contract on behalf of a nationwide class. *See* Jarvis Decl., ¶ 10; *also compare* ECF No. 1 at ¶¶ 125-56, *with* Jarvis Decl., Ex. A at ¶¶ 127-87; Ex. B at ¶¶ 124-71. Thus, dismissing the *Travis* Action under the first-to-file rule would promote judicial economy, prevent wastefulness, and forego the risks inherent in two ongoing parallel actions. There are no compelling circumstances to justify allowing the *Travis* Action to proceed unchecked.

**3.     Alternatively, The *Travis* Action Should Be Transferred To The Middle District Of Pennsylvania**

Under 28 U.S.C. § 1404(a), which governs transfer of venue, a district court may transfer any civil action to any other district or division where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice."  28 U.S.C. §1404(a).  As discussed below, transfer of the *Travis* Action to the Middle District of Pennsylvania is an alternative to dismissing or staying the case.

**(a)     The *Travis* Action Could Have Been Brought Originally In The Middle District Of Pennsylvania**

In deciding whether to transfer, the threshold question is whether the case could have been brought originally in the transferee forum. In particular, the transferee court must have personal jurisdiction over the defendants and subject matter jurisdiction over the claim, and must

17

be a proper venue for the action.  *See* 28 U.S.C. § 1404(a); *see also Harris v. Sandler*, No. 76-cv-930, 1978 WL 947, at *3 (S.D.N.Y. Apr. 14, 1978) (transferring case under 28 U.S.C. § 1404(a), finding that [t]he only relationship which the case bears on the state of New York lies in the fact that plaintiff and his attorney reside here").  Here, Plaintiff Travis could have filed this case in the Middle District of Pennsylvania because it is where Navient engages in systematic and continuous business activities, having one of its largest nationwide call center located in Wilkes-Barre, Pennsylvania, and that is the district in which the CFPB filed its related regulatory action.  *See* Jarvis Decl., ¶ 15 & Ex. B, at ¶ 43.  In fact, Plaintiff Travis cited to the CFPB Action throughout her Complaint.  ECF No. 1 at ¶¶ 33, 55, 78, 148.  The Middle District of Pennsylvania has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) (2) because this is a class action in which Plaintiff Travis alleges that the amount in controversy exceeds $5,000,000 and there is minimum diversity.  *See* ECF No. 1 at ¶¶ 19-20.  Finally, venue is proper in the Middle District of Pennsylvania as a result of the court's personal jurisdiction over Navient.  *See* 28 U.S.C. § 1391(c).  Therefore, Plaintiff Travis could have filed this case in the Middle District of Pennsylvania.

**(b)     Convenience For Parties And Witnesses Strongly Favors Transfer**

"The purpose of § 1404(a) is to 'prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Williams v. Connell*, No. 12-cv-3593, 2017 WL 2829686, at *7 (E.D.N.Y. June 29, 2017) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (granting motion to transfer)).  Courts have characterized the essence of the inquiry as looking to which forum has the "center of gravity," or which forum has the closest connection to the "operative facts." *Williams*, 2017 WL 2829686, at *8.  Here, many of the key witnesses and documents necessary to determine the

outcome of Plaintiff Travis and the Demyanenko-Todd Plaintiffs' claims would be located in Pennsylvania at Navient's national call center, and the CFPB regulatory action is pending (and has advanced to the discovery phase) in the Middle District.  Thus, the Middle District of Pennsylvania is plainly the forum that is the center of gravity for these cases, and has the most significant connection to the operative facts.

### (c) Judicial Economy And Interests Of Justice Strongly Favors Transfer

Transferring this case to the Middle District of Pennsylvania, where the first-filed case is proceeding, fosters judicial efficiency.  *See Brown v. New York*, 947 F. Supp. 2d 317, 325-326 (E.D.N.Y. 2013) (parallel litigation "leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent") (quoting *Ferens v. John Deere Co.*, 494 U.S. 516, 531 (1990)); *see also* Charles Alan Wright, *et al.*, Federal Practice and Procedure § 3854 (4th ed. Apr. 2017 Update) (explaining that "when two courts have concurrent jurisdiction over a dispute involving the same parties and issues . . . the forum in which the first-filed action is lodged has priority.").  "Courts consistently recognize that the existence of a related action in the transferee district is a strong factor to be weighed with regard to judicial economy – it can be *decisive*." *Brown*, 947 F. Supp. 2d at 325-26 (emphasis added).  Here, there are *two* analogous actions pending against Navient before the same judge in the Middle District of Pennsylvania.

The Honorable Robert Mariani is not only currently presiding over the *Demyanenko-Todd* Action, but he is also presiding the CFPB Action, which concern allegations against Navient that are substantially similar to those brought by both the Demyanenko-Todd Plaintiffs and Plaintiff Travis.  *See* Jarvis Decl., ¶ 15.  In the CFPB Action, following Judge Mariani's order denying Navient's motion to dismiss, Navient has filed its Answer, and the case is actively proceeding.  *Id.*  Likewise, in the *Demyanenko-Todd* Action, the parties are in midst of ongoing

motion practice.  *Id.*, at ¶ 14.  Judge Mariani set the Rule 16(b) pretrial conference for October 19, 2017, and ordered that the Demyanenko-Todd Plaintiffs' motion for class certification be filed within 120 days following the conference.  *Id.*  There is no doubt that Judge Mariani is familiar with adjudicating the claims at issue.

In contrast, in the *Travis* Action, Navient and Plaintiff Travis recently agreed to delay Navient's response to the Complaint until November 3, 2017.  *See* ECF No. 12.  Further, to date, no Rule 16 Conference has been scheduled.  No related actions are pending in this District.  Simply put, while Plaintiff Travis may be afforded some deference for her chosen forum, that deference is quite minimal here because:  1) Plaintiff Travis brought her case as a putative national class action with the focus on Navient's corporate conduct and business activities that occurred at its national call center located in Pennsylvania; 2) the instant forum lacks a significant connection to the core allegations of the *Travis* Complaint; and 3) the first-filed *Demyanenko-Todd* Action is in the Middle District of Pennsylvania – the "center of gravity" for these cases.  *See Williams*, 2017 WL 2829686 at *8.  Accordingly, if the Court does not dismiss or stay the *Travis* Action, it should transfer the case to the Middle District of Pennsylvania to proceed alongside the first-filed *Demyanenko-Todd* Action.

## V.    CONCLUSION

For the foregoing reasons, the Demyanenko-Todd Plaintiffs respectfully request that this Court to permit them to intervene for the limited purpose of seeking to dismiss or, in the alternative, to stay or transfer this action under to the first-to-file rule.

Dated: October 4, 2017

Respectfully submitted,

*/s/* Geoffrey C. Jarvis
Joseph H. Meltzer
Geoffrey C. Jarvis (Admitted in E.D.N.Y.)
Zachary Arbitman
**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**
280 King of Prussia Road
Radnor, PA  19087
Tel:  (610) 667-7706
Fax:  (610) 667-7056
Email: jmeltzer@ktmc.com
Email: gjarvis@ktmc.com
Email: zarbitman@ktmc.com

*Lead Counsel for Plaintiffs and the putative Classes in Demyanenko-Todd et al v. Navient Corp. et al.*, Case No. 3:17-cv-00772 (M.D. Pa.)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 4th day of October, 2017, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court, is available for viewing and downloading from the ECF system, and will be served by operation of the Court's electronic filing system (CM/ECF) upon all counsel of record.

<u>/s/ Geoffrey C. Jarvis</u>
Geoffrey C. Jarvis (Admitted in E.D.N.Y.)