# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

MARIE TRAVIS, on behalf of herself and all
others similarly situated,

                Plaintiff,

    vs.

NAVIENT CORPORATION & NAVIENT
SOLUTIONS, INC.,

                Defendants.

Case No. 2:17-cv-04885-JFB-GRB

**PLAINTIFF MARIE TRAVIS'S
MEMORANDUM OF LAW IN
OPPOSITION TO PROPOSED
INTERVENORS' MOTION TO
INTERVENE AND TO DISMISS, OR IN
THE ALTERNATIVE, TO STAY OR
TRANSFER THIS ACTION PURSUANT
TO THE FIRST-TO-FILE RULE**

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................ 1

BACKGROUND ................................................................................................................ 3

ARGUMENT ..................................................................................................................... 7

I.  Proposed Intervenors May Not Intervene In this Case ..................................... 7

    A.  Proposed Intervenors May Not Intervene as of Right ............................. 8

        1.  *Proposed Intervenors' Request Is Untimely* ................................. 8

        2.  *Proposed Intervenors Assert No Legitimate Interest In the Travis Action* ............................................................................................. 9

        3.  *Proposed Intervenors Will Not Be Impaired if Unable to Intervene Here* ................................................................................................ 10

        4.  *Proposed Intervenors' Interests are Adequately Protected* ....... 11

    B.  Permissive Intervention is also Inappropriate ...................................... 12

II.  The First Filed Rule Does Not Apply In This Case ........................................ 12

    A.  The Purpose of the First Filed Rule Is Not to Enable Specific Plaintiffs and Lawyers to Control Nationwide Litigation ............................................ 13

    B.  The Actions Involve Different Claims and Classes ............................... 14

    C.  The Balance of Convenience Factors Favor New York,  Not Pennsylvania ........ 15

III.  Plaintiff Travis's Action Cannot Be Maintained in the Middle District of Pennsylvania for Want of Personal Jurisdiction ............................................. 17

    A.  The Middle District of Pennsylvania Does Not Have Personal Jurisdiction Over Plaintiff Travis's Claims ............................................................... 17

        1.  *Pennsylvania Does Not Have General Jurisdiction Because Navient Is Neither Incorporated Nor Headquartered There* ................... 18

        2.  *The Middle District of Pennsylvania Does Not Have Specific Jurisdiction to Hear Plaintiff Travis's Claims* .......................... 19

    B.  With Transfer Impossible, Dismissal Is Prejudicial and a Stay Is Unwarranted ... 20

CONCLUSION ............................................................................................................... 21

i

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Acorda Therapeutics Inc., v. Mylan Pharm. Inc.*,
   817 F. 3d 755 (Fed. Cir. 2016) ................................................. 18

*AstraZeneca AB v. Mylan Pharm., Inc.*,
   72 F. Supp. 3d 549 (D. Del. 2014) ........................................... 18

*Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*,
   137 S. Ct. 1773 (2017) ................................................... passim

*Bukhari v. Deloitte & Touche, LLP*,
   12-CV-4290, 2012 WL 5904815 (S.D.N.Y. Nov. 26, 2012) ......................... 2, 13, 14

*Chavez v. Dole Food Co., Inc.*,
   836 F.3d 205 (3d Cir. 2016) ................................................. 20

*Citizens Against Casino Gambling in Erie County v. Hogen*,
   417 Fed. App'x 49 (2d Cir. 2011) ............................................ 12

*Daimler AG v. Bauman*,
   134 S. Ct. 746 (2014) ...................................................... 18

*Employers Ins. of Wausau v. Fox Entm't Group*,
   522 F.3d 271 (2d Cir. 2008) ................................................. 12, 15, 16, 17

*Glover v. Ferrero USA, Inc.*,
   CV-11-1086, 2011 WL 5007805 .......................................... passim

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
   564 U.S. 915 (2011) ........................................................ 18

*Grimes v. Vitalink Commc'ns Corp.*,
   17 F.3d 1553 (3d Cir. 1994) ................................................. 18, 19

*Helicopteros Nacionales v. Hall*,
   466 U.S. 408 (1984) ........................................................ 19

*Hoffman v. Blaski*,
   363 U.S. 335 (1960) ........................................................ 17

*Landis v. North American Co.*,
   299 U.S. 248 (1936) ........................................................ 21

*Liberty Mut. Ins. Co. v. Fairbanks Co.*,
    17 F. Supp. 3d 385 (S.D.N.Y. 2014) ........................................................................ 12

*Mountain Top Condo. Ass'n. v. Dave Stabbert Master Builder, Inc.*,
    72 F.3d 361 (3d Cir. 1995) ..................................................................................... 9

*New York Marine & Gen. Ins. Co. v. Lafarge North America, Inc.*,
    299 F.3d 102 (2d Cir. 2010) ............................................................................ 13, 15

*O'Connor v. Sandy Lane Hotel Co.*,
    496 U.S. 312 (3d Cir. 2007) .................................................................................. 19

*Plubmbers' Local Union No 690 Health Plan v. Apotex Corp.*,
    CV-16-665, 2017 WL 31929147 (E.D. Pa. July 24, 2017) ........................................ 19

*Rothstein v. American Int'l Group, Inc.*,
    837 F.3d 195 (2d Cir. 2016) .................................................................................. 11

*St. John's Univ., New York v. Bolton*,
    450 Fed. App'x. 81 (2d Cir. 2011) .............................................................. 9, 11, 12

*Washington Elec. Coop. Inc. v. Massachusetts Mun. Wholesale Elec. Co.*,
    922 F.2d 92 (2d Cir. 1990) ........................................................................ 2, 8, 9, 11

*Worthington v. Bayer Healthcare LLC*,
    CV-11-2793, 2011 WL 6203999 (D.N.J. Dec. 15, 2011) ............................... 1, 10, 13

*Worthington v. Bayer Healthcare, LLC*,
    Civ. No. 11-2793, 2012 WL 1079716 (D.N.J. Mar. 30, 2012) ................................. 13

**Statutes**

28 U.S.C. § 1345 ......................................................................................................... 20
28 U.S.C. § 1404 .................................................................................... 3, 7, 17, 20, 21
28 U.S.C. § 1407 ......................................................................................................... 13
Pa. Cons. Stat.42 § 5322(b) ......................................................................................... 17

**Rules**

Fed. R. Civ. P. 23(c)(2)(B)(iv) ..................................................................................... 11

**INTRODUCTION**

Proposed intervenors Olga Demyanenko-Todd, Kimberly Force, and Melissa Miller ("Proposed Intervenors") and their law firm, Kessler Topaz Meltzer and Check, LLP, are non-parties to this action seeking to intervene not to protect their own rights in this litigation, but to aggressively attempt to gain control over all private consumer actions against Defendants Navient Corporation and Navient Solutions, Inc. (collectively, "Navient").  While intervention may seek to protect a bona fide interest, Proposed Intervenors plainly seek an improper purpose: to eliminate, stay, or move Plaintiff Marie Travis's action to Proposed Intervenors' purported control in Pennsylvania.  *See Glover v. Ferrero USA, Inc.*, CV-11-1086, 2011 WL 5007805 at * (D.N.J. Oct. 20, 2011) ("Proposed Intervenors have cited no case law to support the proposition that non-parties to an action whose only interest in the action is its transfer or dismissal may intervene for such a purpose."); *Worthington v. Bayer Healthcare LLC*, CV-11-2793, 2011 WL 6203999 (D.N.J. Dec. 15, 2011) ("[t]he mere fact that a lawsuit may impede a third party's ability to recover in a separate suit ordinarily does not give the third party a right to intervene.").

Proposed Intervenors attempt their gambit despite knowing that: (1) the Middle District of Pennsylvania does not, and cannot, have personal jurisdiction over Plaintiff Travis's action; and, worse (2) Plaintiff Travis is not even covered by Proposed Intervenors' class definitions in Pennsylvania.  Thus, Proposed Intervenors' intentions are clear: eliminate Plaintiff Travis's action if it cannot be brought within their control.  The Court should deny the motion in its entirety, and require Proposed Intervenors to pursue the legitimate alternatives available to them, such as a petition before the Judicial Panel on Multidistrict Litigation to consolidate the matters for pretrial proceedings only, or coordination of common activities in their separate forums if such a petition were denied.

1

The Court should deny Proposed Intervenors motion' on every grounds upon which it is brought.  First, Proposed Intervenors cannot intervene because they cannot demonstrate any bona fide interest in this litigation, let alone that any such interest would be inadequately protected here.  Where a proposed intervenor has the same objective as the plaintiff in the action sought to be intervened, the Second Circuit presumes that interest is adequately protected. *See Washington Elec. Coop. Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 922 F.2d 92, 98 (2d Cir. 1990) ("Where there is an identity of interest between a putative intervenor and a party, adequate representation is assured.").  Proposed Intervenors do not, and cannot, demonstrate anything to rebut that presumption.

Second, the "first filed rule" does not apply here.  This rule, which is entirely discretionary with the Court, typically involves duplicative cases involving one or more common parties to *both* actions.  *See Bukhari v. Deloitte & Touche, LLP*, 12-CV-4290, 2012 WL 5904815 at *3 (S.D.N.Y. Nov. 26, 2012) (the "classic application of the first-filed rule is where mirror-image lawsuits between the same parties are filed in different venues.").  Here, Navient is the only common party to both actions, and *opposes* Proposed Intervenors' motion.  *See, e.g.*, *Glover*, 2011 WL 5007805 at *6 ("Clearly, then, neither the Plaintiffs nor Defendant wish to proceed in California and Proposed Intervenors would be hard-pressed to argue that it is more convenient to litigate in California.").  Moreover, there are two other related actions filed by governmental entities in Washington and Illinois, so the first-filed rule will not, on its own, diminish any administrative burdens.  That Plaintiff Travis pursues fundamentally different class definitions and claims further counsels against any application of the first-filed rule.

Third, Proposed Intervenors' extraordinary requests are made even more extraordinary by the fact that the Middle District of Pennsylvania does not have personal jurisdiction over Plaintiff

Travis's claims against Navient.  *See Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1781 (2017) (requiring defendant's in-forum activities give rise to non-resident plaintiffs' claims).  Plaintiff Travis, a New York resident, has not alleged any Pennsylvania activity with respect to her claims against Navient, a Delaware resident, as is required to establish specific personal jurisdiction.   28 U.S.C. § 1404(a) bars Proposed Intervenors' alternative request, transfer to the Middle District of Pennsylvania, because Plaintiff Travis could not have brought her action there originally.   A stay is equally prejudicial, as Plaintiff Travis would be forced to wait while Proposed Intervenors pursue the rights of classes she is not a part of, and rules of law that may or may not govern her case.  The Court should deny Proposed Intervenors' motion in its entirety.

## BACKGROUND

Navient is the largest student loan servicing company in the United States, and is responsible for servicing federal student loans made to more than 12 million borrowers, accounting for $300 billion in owed money.  (*See* Travis Compl. (hereinafter "Complaint" or "Compl.")). ¶ 214.)   This action and five others to date were filed against Navient, generally alleging breach of its duties described in its contract with the Department of Education and/or in its representations to borrowers.  (*Id.* at ¶¶ 71, 78, 80-82.)  The actions allege Navient improperly directed borrowers into forbearance rather than income-driven repayment ("IDR") plans, resulting in significant increases in overall debt and loss of IDR benefits.  (*Id.* at ¶¶85-105.)

**The Consumer Financial Protection Bureau Action and the Attorney General Complaints**

The Consumer Financial Protection Bureau ("CFPB"), the Washington Attorney General and the Illinois Attorney General all filed complaints against Navient and Pioneer Credit

Recovery on January 18, 2017.[1]   The CFPB filed its complaint against Navient in the Middle District of Pennsylvania, and the two Attorney Generals filed in state courts in Washington and Illinois.  These complaints alleged violation of a variety of federal and state laws and regulations and were not limited to violations involving federal student loans.  The Washington and Illinois actions included claims against Pioneer Credit Recovery for improper loan collections and against Sallie Mae for abuse in providing private subprime student loans.  Recently, on October 5, 2017, the Pennsylvania Attorney General filed a complaint almost identical to the CFPB's complaint in scope and claims.[2]  That case was also filed in the Middle District of Pennsylvania.

**Proposed Intervenors' First Complaint and Amended Complaint**

Proposed Intervenors filed their action in the Middle District of Pennsylvania on May 2, 2017, nearly five months after the CFPB , Illinois AG, and Washington AG actions were filed. (*See* Proposed Intervenors ("P.I.") Ex. A, ECF No. 13-3.)  Proposed Intervenors' complaints rely significantly on the CFPB's allegations, including claims that Navient improperly steered borrowers into forbearance and failed to inform borrowers of the need to renew enrollment in IDR.  (*See e.g.*, *id.* at ¶ 114.)

Proposed Intervenors' original complaint proposed two nationwide classes and two New York sub-classes, described as the "Enrollment" classes and "Failure-to Renew" classes  (*Id.*) The nationwide classes brought two breach of contract claims: breach of the Master Promissory Note (to which Navient is not in privity) and breach of the servicing agreement between Navient and the Department of Education.  (*Id.* at ¶¶ 127-56.)  Proposed Intervenors also asserted

---

[1] *Consumer Financial Protection Bureau v. Navient Corporation, et al.,* No 3:17-cv-00101 (M.D.Pa., Jan. 18, 2017) ("CFPB Compl."); *People v. Navient Corp., et al,* 2017-CH-00761 (Il. Cir. Ct., Jan. 18, 2017); *State of Washington v. Navient Corp., et al.*, No. 17-2-01115-1 (King Cnty. Sup. Ct. Jan 18, 2017)

[2] *Commonwealth of Pennsylvania v. Navient Corp., et al.*, 3:02-AT-06000 (M.D. Pa., Oct. 5, 2017).

nationwide class claims for violations of the Delaware Consumer Fraud Act ("DCFA") (*Id.* at ¶¶ 157-76) and New York subclass claims for violations of the New York General Business Law. (*Id.* at ¶¶177-87.)

Proposed Intervenors amended their complaint August 21, 2017, to: (1) add Plaintiffs Miller and Force; (2) remove the failure to renew claims (presumably for lack of standing since none of the Proposed Intervenors alleged they actually experienced this conduct); (3) remove the breach of the servicing contract claim; (4) narrow the nationwide DCFA claim, and (5) add Florida and California subclasses and consumer protection claims.  (P.I. Ex. B, ECF No. 13-4.)

Plaintiff Travis would not be a member of any of Proposed Intervenors' proposed classes, defined as borrowers who "enrolled in forbearance for a period exceeding 3 months immediately prior to their enrollment in an income-driven repayment plan" or who "enrolled in consecutive forbearances that, in total, exceeded or exceed 12 months." (*Id.*)  Plaintiff Travis is not (and to date has not been) enrolled in IDR and was in forbearance for less than twelve months.

**Plaintiff Travis's Action**

Marie Travis filed her action against Navient on August 17, 2017 based upon her experiences as a federal student loan borrower and the investigation of her counsel.  This investigation began (and was posted on her law firm, Zimmerman Reed's, website) on February 8, 2017, shortly after the CFPB and Illinois and Washington Attorneys' General publicly filed their allegations on January 18, 2017.  Declaration of Brian C. Gudmundson in Supp. of Pl. Marie Travis's Mem. of Law in Opp'n to Mot. to Intervene and to Dismiss, or In the Alternative, Stay or Transfer This Action Pursuant to the First-to-File Rule ("Gudmundson Decl.") at ¶3. Plaintiff Travis attended and graduated from Briarcliffe College in Patchogue, New York, with

the help of two federal student loans.  (Compl. at ¶ 107.)  Both loans were serviced by Sallie Mae, and later, its successor, Navient.  (*Id.*)

In 2016, Plaintiff Travis was diagnosed with a life-threatening medical condition, demanding significant attention and treatment.  (*Id.* at ¶ 108.)  Travis's treatment required a month of hospitalization and, although she survived, she was disabled and unable to work.  (*Id.* at ¶ 108.)  Afterwards, Travis received disability benefits from the State of New York and, for the next six months, state disability benefits proved her only source of income. (*Id.*)

During that time, Travis's monthly loan payments of $200 accounted for more than half of her entire monthly disability benefits and she could not afford to continue her loan payments. (*Id.*at ¶109.)  When Plaintiff contacted Navient to discuss her options for repayment, Navient told her that she either needed to submit her payment in full or enter forbearance, which would delay her loan repayments while interest and debt continued to accrue.  (*Id.* at ¶ 110.)  Navient provided no information about IDR plans or about total and permanent disability loan forgiveness.  (*Id.* at ¶ 101.)  Travis spent the next eight months in forbearance.  (*Id.*)

By January 2017, Travis recovered enough to be able to work.  (*Id.* at ¶ 112.)  Her forbearance ended and she successfully made her student loan payment that month.  (*Id.*) However, in February 2017, her condition worsened and she was again unable to work.  (*Id.* at ¶ 113.)  Navient again placed her into forbearance without informing her of any income-based repayment options.  (*Id.* at ¶ 114.)  Although she was later able to return to work, Navient has continued to increase the amount owed each month on both loans, threatening her ability to make her monthly payments.

Plaintiff brought this action to recover for economic injuries she suffered because of Navient's improper loan servicing.  She asserts claims on behalf of a nationwide class for breach

of contract as a third party beneficiary to the servicing agreement between Navient and the Department of Education, and under the DCFA.  She also brings claims under New York General Business Laws on behalf of a New York subclass.

## ARGUMENT

Proposed Intervenors, non-parties to this action, seek to intervene not to enforce their rights in this Court or in this action, but rather to terminate this action and undermine Plaintiff Travis's right to pursue recovery.  Proposed Intervenors' asserted basis for intervention is their fear of future, hypothetical effects on their separate litigation.  The unjust result Proposed Intervenors seek is contrary to law and would significantly prejudice Plaintiff Travis.  First, Proposed Intervenors' have no right to intervene in an action for the sole purpose of seeking transfer or dismissal, rather than to protect a legitimate interest.  Even if they have an interest, it is adequately protected in this case.  Second, the first-filed rule is inapplicable because unlike in cases were the first-filed rule may be appropriate, all of the parties to the case (namely, Plaintiff Travis and Navient) *oppose* application of the rule.  Third, the Middle District of Pennsylvania does not have personal jurisdiction over Plaintiff Travis's alleged claims, rendering transfer under § 1404 is impossible and dismissal prejudicial.  A stay is equally inappropriate, and would prohibit Plaintiff Travis from shaping the case that will ultimately determine her rights and recovery, and of those who she seeks to represent.

## I.    Proposed Intervenors May Not Intervene In this Case

Proposed Intervenors, as non-parties to this action, seek to intervene either as of right or by permission for the sole purpose of dismissing, staying, or transferring Plaintiff Travis's action to their control.  Proposed Intervenors, however, have no right to intervene where they cannot show any legitimate interest, or that any such interest would be inadequately protected.

### A.      Proposed Intervenors May Not Intervene as of Right

In the Second Circuit, proposed intervenors as of right must satisfy a four part test: (1) their motion is timely; (2) they assert an interest relating to the property or transaction that is the subject of the action; (3) they are so situated that without intervention, disposition of the action may impair or impede their ability to protect their interests; and (4) their interest is not adequately represented by the other parties. *Washington Elec. Coop.*, 922 F.2d at 98. "All four parts of the test must be satisfied to qualify for intervention as of right." *Id.* Proposed Intervenors fail to meet any of the requirements.

#### 1.      *Proposed Intervenors' Request Is Untimely*

Plaintiff Travis publicly filed her action on August 18, 2017. The filing was reported by the media, including the popular legal news website Law360.com.[3] On September 19, 2017, the Court granted a stipulated extension, allowing Navient until November 3, 2017 to respond to the Complaint. On September 28, 2017, counsel for Proposed Intervenors contact counsel for Plaintiff Travis. Gudmundson Decl. at ¶4. Thereafter, counsel for both parties talked via telephone, whereupon Proposed Intervenors' counsel expressed frustration that Plaintiff Travis had filed an action outside of Pennsylvania, and threatened to take action via motion practice unless Plaintiff Travis agreed to voluntarily transfer her case to Pennsylvania to be prosecuted under their direction. *Id.* at ¶4-5. Proposed Intervenors declined to disclose the type of motion to be brought, and Plaintiff Travis learned the legal substance of the motion for the first time when it was filed on October 4, 2017. *Id.* at ¶5.

Proposed Intervenors' motion, filed over six weeks after Plaintiff Travis filed her action, is untimely. Navient, which was served with the Travis complaint on August 30, 2018, has been

---

[3] Pete Brush, *Long Island Borrower Targets Navient with Damages Action,* Law360 (August 21, 2017), https://www.law360.com/articles/956239/long-island-borrower-targets-navient-with-damages-action (last visited October 25, 2017).

preparing a motion to dismiss, which is about to be filed, and Plaintiff Travis is obligated to respond. Proposed Intervenors' motion could have been timely brought so as not to burden Plaintiff Travis and Navient, both of whom oppose the motion, during their motion to dismiss briefing. This is particularly so since the motion does not establish any of the criteria for intervention.

      2.    *Proposed Intervenors Assert No Legitimate Interest In the Travis Action*

To intervene as of right, Proposed Intervenors must "have an interest in the proceeding [and] . . . that interest [must] be direct, substantial, and legally protectable." *Washington Elec. Coop.*, 922 F.2d at 97. An interest that "is remote from the subject matter of the proceeding, or that is contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy the rule." *Id; see also St. John's Univ., New York v. Bolton*, 450 Fed. App'x. 81, 83 (2d Cir. 2011) (same). The "mere fact that a lawsuit may impede a third party's ability to recover in a separate suit ordinarily does not give the third party a right to intervene." *Glover*, 2011 WL 5007805 at *4 (quoting *Mountain Top Condo. Ass'n. v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995)).

Proposed Intervenors' purported interest in the Travis litigation includes the need to avoid conflicting rulings, to ensure the overall litigation is efficiently conducted, and to protect the rights of those they seek to represent in Pennsylvania. This sort of hypothetical interest, contingent on future events, is insufficient to justify intervention. *Id.* at *3 ("Proposed Intervenors are merely asking to intervene for the purpose of preventing any *potential* adverse rulings which *may* occur and *may* bind a class of consumers which Proposed Intervenors *may or may not* represent." (emphasis in original)).

Indeed, courts have found Proposed Intervenors' purported interests to be uncompelling in similar cases.  In *Glover*, non-party plaintiffs sought to apply the first-filed rule in a supposedly duplicative pending action.  *Id.* at *4.  The proposed intervenors claimed an interest in "(1) the application of the first-to-file rule; (2) litigating in their forum of choice; (3) avoiding inconsistent rulings that might prejudice their action; and (4) avoiding delay, expense and waste from litigating duplicative actions." *Id.*   The court noted the proposed intervenors "cited no case law to support the proposition that non-parties to an action whose only interest in the action is its transfer or dismissal may intervene for such a purpose."  *Id.* at *6.  The court held intervenors had no true interest in the case, and that "the denial of Proposed Intervenors' motions in no way affects their ability to litigate" their action, and "prior to the certification of a class in any of the several pending actions . . . that determines whether, indeed, there will be a nationwide class . . . the likelihood of inconsistent rulings is remote."  *Id; see also Worthington*, 2011 WL 6203999 (denying non-party plaintiffs the right to intervene because "to the extent [intervenor] seeks to avoid delay, expense and waste in litigating duplicative actions, [intervenor] is not required to participate in the New Jersey Actions.").   Just as in *Glover* and *Worthington*, Proposed Intervenors' here lack sufficient interest in the Travis action to intervene for the sole purpose of dismissing, staying, or transferring it over the objection of all actual parties to the action.

3.     <em>Proposed Intervenors Will Not Be Impaired if Unable to Intervene Here</em>

To intervene as of right, Proposed Intervenors must also demonstrate that any interest would actually be impaired.  While a class member may be able to intervene in a class action when that action purports to govern the member's rights, that is not the situation here.  Proposed Intervenors do not seek intervention to ensure their rights are protected in *this* litigation.  Rather, they seek to intervene for the sole purpose of eliminating this litigation, or transferring it to their

10

purported control in Pennsylvania.  Denying intervention here "in no way affects their ability to litigate the [Pennsylvania] action." *Glover*, 2011 WL 5007805 at *6.  Even if a class is certified in the Travis Action that arguably impacts Proposed Intervenors, the Federal Rules of Civil Procedure sufficiently allow for class participation.  *See* Fed. R. Civ. P. 23(c)(2)(B)(iv) (allowing "a class member [to] enter an appearance through an attorney if the member so desires."); *id* at (c)(2)(B)(V) (allowing the class member to be excluded from the class); s*ee also Rothstein v. American Int'l Group, Inc.*, 837 F.3d 195 (2d Cir. 2016) ("a nonparty may appeal a judgment by which it is bound and . . . a nonparty may appeal if it has an interest affected by the judgment.").

### 4.  *Proposed Intervenors' Interests are Adequately Protected*

A proposed intervenor as of right must also show his or her "interest in not adequately represented by the other parties." *Washington Elec. Coop.*, 922 F.2d at 98.  When the plaintiff and proposed intervenor "share the same objective in the underlying litigation . . . a presumption of adequate representation attaches in the absence of evidence of collusion, adversity of interest, nonfeasance, or incompetence." *St. John's*, 450 Fed. App'x at 84 (internal quotations removed); *see also Washington Elec. Coop.*, 922 F.2d at 98 ("Where there is an identity of interest between a putative intervenor and a party, adequate representation is assured.").  Proposed Intervenors can make no such showing here.

Any interest Proposed Intervenors have in the Travis Action are more than adequately protected.  First, Plaintiff Travis and Proposed Intervenors share similar objectives in holding Navient responsible for their wrongdoing, arising out of the facts asserted originally by the CFPB.  Both sets of counsel are undeniably competent, there is no evidence or suggestion of collusion, and permitting the Travis Action to continue in no way inhibits Proposed Intervenors from pursuing theirs.  Thus, to the extent Plaintiff Travis and Proposed Intervenors disagree

11

about the most meritorious claims, that disagreement will not ultimately effect Proposed Intervenors' action – they are free to pursue or not pursue any claims or strategy they wish. Without showing "collusion, adversity of interest, nonfeasance, or incompetence," – which they cannot show – intervention of right is not permitted. *St. John's*, 450 Fed. App'x at 84.

### B.    Permissive Intervention is also Inappropriate

Permissive intervention under Rule 24(b) is discretionary.   A court should "consider whether intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Citizens Against Casino Gambling in Erie County v. Hogen*, 417 Fed. App'x 49, 50 (2d Cir. 2011).   Additional relevant factors include, "the nature and extent of the intervenors' interests, the degree to which those interests are adequately represented by other parties, and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *Id.*  The factors for granting permissive intervention are similar to those permitting intervention as a matter of right, except the discretion lies with the district court whether to grant intervention.  Here, for the same reasons as those described above, this Court should deny Proposed Intervenors' attempt to intervene.

## II.    The First Filed Rule Does Not Apply In This Case

Application of the first filed rule is discretionary with the court.  *Liberty Mut. Ins. Co. v. Fairbanks Co.*, 17 F. Supp. 3d 385, 392 (S.D.N.Y. 2014).  The rule "is not to be applied in a 'rigid' or 'mechanical' way." *Id.*  Rather, "because the complex problems that can arise from multiple federal filings do not lend themselves to a rigid test, the district court is instead required to consider the equities of the situation when exercising its discretion." *Id; see also Employers Ins. of Wausau v. Fox Entm't Group*, 522 F.3d 271 (2d Cir. 2008).

A.      **The Purpose of the First Filed Rule Is Not to Enable Specific Plaintiffs and Lawyers to Control Nationwide Litigation**

The first filed rule may be appropriate in some instances, but it "is inapplicable when there are 'special circumstances,' . . . includ[ing] manipulative or deceptive behavior on the part of the first-filing plaintiff." *New York Marine & Gen. Ins. Co. v. Lafarge North America, Inc*., 299 F.3d 102, 112 (2d Cir. 2010).   Here, Proposed Intervenors purposes are clear, and inappropriate: use the rule instead of 28 U.S.C. § 1407 to consolidate and gain control of all private litigation against Navient arising from the CFPB's allegations.   There can be no other conclusion drawn from Proposed Intervenors actions, where they seek to eliminate or halt Plaintiff Travis's action if it cannot be sent to Pennsylvania (which it cannot).   Again, *both* Plaintiff and Defendants to the Travis action oppose Proposed Intervenors attempts.   Should Proposed Intervenors achieve their goal, they will likely thwart Plaintiff Travis from ever achieving her day in court because she does not fit into Proposed Intervenors' class definitions.

Proposed Intervenors' request is contrary to the customary application of the first filed rule.   The "classic application of the first-filed rule is where mirror-image lawsuits between *the same parties* are filed in different venues." *Bukhari*, 2012 WL 5904815  at *3 (emphasis added).  Thus, it is invariably either a plaintiff or defendant in *both* arguably similar actions who seeks the application of the rule.   Where *non-party* intervenors, such as Proposed Intervenors here, seek to apply the first-filed rule, they are unsuccessful.  *See, e.g., Glover*, 2011 WL 5007805; *Worthington*, 2011 WL 6203999.   Indeed, in *Worthington*, the court denied the proposed intervenor's request to apply the first-filed rule despite later granting a similar motion by the defendant, who was a common party in *both* actions.  *See Worthington v. Bayer Healthcare, LLC*, Civ. No. 11-2793, 2012 WL 1079716 at *3-6 (D.N.J. Mar. 30, 2012).   The one common party in both actions here, Navient, opposes application of the first filed rule here.

Additionally, Proposed Intervenors' action is not even the first-filed action.  Rather, three actions were filed on January 18, 2017 by the CFPB and by the Washington and Illinois Attorneys General.  The latter two state law cases cannot be consolidated with the federal cases. In such cases, coordination of litigation and discovery is highly likely, and possible.  *See* Manuel for Complex Litigation Fourth, § 10.225 ("If related litigation is pending in other federal or state courts, consider the feasibility of coordination among counsel in the various cases . . . Consultation with other judges may bring about the designation of common committees . . . or joint or parallel orders . . . [T]he judge may direct counsel to coordinate with the attorneys in other cases to reduce duplication . . . and to coordinate and share resources.").  Therefore, voluntary coordination is both possible and more reasonably calculated to reduce any inefficiencies that Proposed Intervenors purportedly seek to address.

**B.      The Actions Involve Different Claims and Classes**

The first filed rule may apply where "lawsuits between the same parties are filed in different venues, for example, an action for damages and an action seeking a declaratory judgment that there has been no wrongdoing." *Bukhari*, 2012 WL 5904815 at *3.  For the rule to apply, however, the latter filed action must be "essentially the same lawsuit involving the same parties and same issues." *Id.* at *4.  That is not the case here.

The most critical, and dispositive, distinction between Proposed Intervenors' action and the Travis Action is the fact Plaintiff Travis's individual claims are not even asserted in the Proposed Intervenors' action. *See* PI Ex. B at ¶ 114 (limiting the classes to student loan borrowers who were either "enrolled in forbearance for a period exceeding 3 months prior to enrollment in an income-driven repayment plan . . . or [who] were enrolled or are currently enrolled in consecutive forbearances that, in total, exceed 12 months.").  In addition to the two

14

distinct classes, Proposed Intervenors do not bring all of the claims brought by Plaintiff Travis. Moreover, and equally dispositive, Plaintiff Travis could not bring her claim in any district in Pennsylvania for want of personal jurisdiction over the Defendants.  In sum, Plaintiff Travis's claims would not be resolved by Proposed Intervenors' action in Pennsylvania, rendering the first filed rule inapplicable.

### C.    The Balance of Convenience Factors Favor New York,  Not Pennsylvania

Any claim that "the first-filed rule overshadows all other considerations . . . is incorrect." *New York Marine & Gen. Ins. Co. v. Lafarge North America, Inc*., 299 F.3d 102, 113 (2d Cir. 2010).  To determine whether to apply the first filed rule, courts examine the "balance of conveniences," which includes consideration of:

> (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of the parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties.

*Employers Ins. of Wausau*, 522 F.3d at 275.

All of the *Employers Ins. of Wausau* factors support maintaining this action in the Eastern District of New York, where it was filed.  Regarding the first factor, plaintiff's choice of forum, Plaintiff Travis lives in Long Island, New York, and filed this action in the Eastern District of New York.  None of the parties to the Travis Action reside in Pennsylvania, and the plaintiffs in Proposed Intervenors' amended complaint reside in New York, Florida, and California. Although both Proposed Intervenors and Plaintiff Travis have alleged New York subclasses, neither has alleged a Pennsylvania subclass.  Similarly, both bring claims under New York law, but neither brings any claims under Pennsylvania law.  Additionally, the Defendant in both

actions, Navient, is headquartered and incorporated in Delaware, and *opposes* transfer of this action to Pennsylvania.

The second, third, fourth, and fifth *Employers Ins. of Wausau* factors all analyze the location and convenience of relevant documents, witnesses, and facts underlying the claims at issue, and none support Proposed Intervenors' motion.  Here, the location of operative facts, the relevant documents, and witnesses will almost certainly be located primarily where the plaintiffs reside, New York, California, and Florida, and in Navient's headquarters in Delaware, which is closer to the Eastern District of New York than to the Middle District of Pennsylvania.  Most of Navient's principal operations and decision-making likely occurs in Delaware, and the employees there should best possess information critical to Navient's alleged scheme.  In fact, one Navient employee known to have testified regarding Navient's alleged wrongdoing, was a loan serving specialist in Newark, Delaware. Illinois Action, ECF No. 1 at ¶272.

Navient has employees working throughout the country, including in "Wilmington, Delaware, Western New York, Northeastern Pennsylvania, Indiana, Tennessee, Texas, Virginia, and other locations."  And while Navient operates a large call center in Pennsylvania, it also operates a call-center in Indiana that is almost identical in size and scope.  Smaller Navient call centers are also located in other parts of the country.  Finally, and again, Plaintiff Travis alleges no facts arising from any contact with Pennsylvania and Navient *opposes* transfer to Pennsylvania, undermining any argument that this forum unfairly inconveniences any of the parties to the Travis Action.  The second, third, fourth, and fifth *Employers Ins. of Wausau* convenience factors all cut against the Proposed Intervenors.

The sixth and seventh *Employers Ins. of Wausau* factors do not support Proposed Intervenors' either.  The Middle District of Pennsylvania has no greater subpoena power over

Navient in Delaware than does the Eastern District of New York.  Nor do the relative means of the parties favor Pennsylvania over New York.  Proposed Intervenors cannot establish any of the seven *Employers Ins. of Wausau* factors and the Court should deny their motion in its entirety.

### III.   Plaintiff Travis's Action Cannot Be Maintained in the Middle District of Pennsylvania for Want of Personal Jurisdiction

Proposed Intervenors' demand to dismiss or stay Plaintiff Travis's case, or to transfer it to the Middle District of Pennsylvania would result in the greatest prejudice possible: the destruction of Travis's claims altogether. As Proposed Intervenors are aware, the Middle District of Pennsylvania does not have personal jurisdiction over Travis's claims.

### A.   The Middle District of Pennsylvania Does Not Have Personal Jurisdiction Over Plaintiff Travis's Claims

Section 1404(a) allows a court to transfer a case "[f]or the convenience of parties and witnesses, in the interest of justice . . . [to] any other district or division *where it might been brought.*" 28 U.S.C. § 1404(a) (emphasis added).  In *Hoffman v. Blaski*, the U.S. Supreme Court made clear a § 1404(a) transfer may only be made to a district with personal jurisdiction and proper venue independent of the defendant's consent or waiver.  363 U.S. 335, 342-344 (1960). Because Pennsylvania's long-arm statute permits personal jurisdiction to the greatest extent permitted by the United States Constitution, the question is whether a Pennsylvania federal court would have personal jurisdiction over claims brought by Plaintiff Travis, a New York resident, against Navient, a Delaware corporation with its headquarters in Delaware.  *See* Pa. Cons. Stat.42 § 5322(b).

The Supreme Court has essentially established two forms of forum contacts that are sufficient to subject a defendant to personal jurisdiction there:  (1) general jurisdiction, or all-purpose jurisdiction, which exists independent of the claim; and (2) specific jurisdiction, or

conduct-linked jurisdiction, which exists when the defendant's in-forum activities gave rise to the plaintiff's claim. *Daimler AG v. Bauman*, 134 S.Ct. 746, 751; *see also Grimes v. Vitalink Commc'ns Corp.*, 17 F.3d 1553, 1559 (3d Cir. 1994). No district in Pennsylvania has either general or specific personal jurisdiction over Plaintiff Travis's claims.

    1.    *Pennsylvania Does Not Have General Jurisdiction Because Navient Is Neither Incorporated Nor Headquartered There*

"[O]nly a limited set of affiliations with a forum will render a defendant amenable to all-purpose (general) jurisdiction." *Id.* at 760 (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011)). The forums capable of asserting general jurisdiction have the "virtue of being unique—that is, each ordinarily indicates only one place . . . [that is] easily ascertainable." *Id.* The Supreme Court has listed only two "paradig[m] bases" for general jurisdiction over a business: "the place of incorporation and principal place of business." *Id.* at 760; s*ee also AstraZeneca AB v. Mylan Pharm., Inc.*, 72 F. Supp. 3d 549, 554-55 (D. Del. 2014) ("Although [the Supreme Court] left open the possibility that forum activity involving something other than the paradigmatic examples . . . could satisfy general jurisdiction, the Supreme Court highlighted that such a fact pattern would be 'an exceptional case.'" (*aff'd sub nom. Acorda Therapeutics Inc., v. Mylan Pharm. Inc.*, 817 F. 3d 755 (Fed. Cir. 2016))).

Navient is not subject to general district in Pennsylvania. First, it is incorporated in Delaware. Second, its headquarters are in Delaware. Third, this case does not present any reason to deviate from the paradigm places of personal jurisdiction. Navient's activity in Pennsylvania is essentially a single call center, one with which Plaintiff Travis does not allege any interaction. Navient also maintains substantial call centers elsewhere throughout the rest of the country. A single call center is not an exceptional fact that renders Navient "essentially at home" in Pennsylvania and amenable to any suit there.

2.      *The Middle District of Pennsylvania Does Not Have Specific Jurisdiction to Hear Plaintiff Travis's Claims*

Specific personal jurisdiction exists where the defendant's minimum contacts with the forum give rise to the plaintiff's causes of action.  *See Helicopteros Nacionales v. Hall*, 466 U.S. 408, 414 (1984) ("[w]hen a Controversy is related to or 'arises out of' a defendant's contacts with the forum, the Court has said that a relationship among the defendant, the forum, and the litigation is the essential foundation of *in personam* jurisdiction." (internal quotations omitted)); *see also Grimes v. Vitalink Commc'ns Corp.*, 17 F.3d 1553, 1559 (3d Cir. 1994) (holding specific jurisdiction requires "contacts directly related to the claims at issue.").

It is not enough that a defendant engaged in some misconduct in the state; rather, that misconduct must specifically cause the plaintiff's injury.  *See O'Connor v. Sandy Lane Hotel Co.*, 496 U.S. 312, 318-323 (3d Cir. 2007) (requiring a causal nexus between defendant's in-state conduct and plaintiff's injury that can be looser than proximate cause, but must be stronger than but-for causation).  In *Bristol-Myers Squibb*, the Supreme Court emphasized a court cannot establish specific personal jurisdiction "without identifying any adequate link between the State and the nonresidents' claims."  137 S. Ct. at 1781.  There, the Supreme Court held a California state court lacked personal jurisdiction over non-resident plaintiffs' claims because defendant's misconduct in California did not give rise to those claims.  *Id.* at 1781-82.  That result held true even though defendants' California misconduct did give rise to the *California* plaintiffs' similar claims.  *See id.* at 1779; *see also Plumbers' Local Union No. 690 Health Plan v. Apotex Corp.*, CV-16-665, 2017 WL 31929147 (E.D. Pa. July 24, 2017) (finding personal jurisdiction over Pennsylvania residents' claims, but not over non-residents claims because defendants' in-state conduct did not harm non-residents).

The same issue in *Bristol-Myers Squibb* exists here.  Proposed Intervenors assert two factual bases for personal jurisdiction over Navient in Pennsylvania: (1) Navient operates purportedly one of its largest call-centers in Pennsylvania; and (2) the CFPB filed its complaint in the Middle District of Pennsylvania.  The first justification is insufficient to demonstrate Navient's actions gave rise to Plaintiff Travis's claims.  Plaintiff Travis nowhere alleges any interaction with Navient's Pennsylvania call center, and it is not enough that Navient committed some wrongdoing in Pennsylvania against some other plaintiffs.  *Bristol-Myers Squibb*, 137 S. Ct. at 1779.  Rather, as the Supreme Court held, Navient must have allegedly committed some wrongdoing in Pennsylvania that caused Plaintiff Travis's injuries in New York.  *Id.*  Proposed Intervenors do not, and cannot, make any such showing.

Second, the filing of a CFPB complaint does nothing to further the Middle District of Pennsylvania's personal jurisdiction over Plaintiff Travis's claims.  The CFPB has federal authority to file a Complaint in any jurisdiction, even where the federal court might otherwise lack personal jurisdiction.  *See* 28 U.S.C. § 1345 ("Except as otherwise provided by Act of Congress, district courts shall have original jurisdiction of all civil actions, suits, or proceedings commenced by the United States, or by any agency.").  Additionally, the CFPB makes no claim as to the extent Navient's scheme was perpetrated by employees in Pennsylvania, or who those employees' actions may have harmed.  Without general or specific personal jurisdiction, transfer under § 1404(a) is not permitted.

## B.     With Transfer Impossible, Dismissal Is Prejudicial and a Stay Is Unwarranted

Dismissal under the first filed rule is disfavored, particularly where the plaintiff, such as Plaintiff Travis here, would be substantially prejudiced.  *See, e.g.*, *Chavez v. Dole Food Co., Inc.*, 836 F.3d 205, 220-221 (3d Cir. 2016) ("We therefore conclude, that in the vast majority of cases,

a court exercising its discretion under the first filed rule should stay or transfer a second-filed suit.  Even a dismissal *without prejudice* may create unanticipated problems.  A dismissal *with prejudice* will almost always be an abuse of discretion.") (emphasis in original)).  Because Plaintiff Travis cannot refile in Pennsylvania, her claim would be effectively barred.  This is particularly damaging because she *is not even a member of Proposed Intervenors' proposed class*.  Therefore, she would have no means of recovering if this action were to be dismissed.

A stay is similarly prejudicial.  *See Landis v. North American Co.*, 299 U.S. 248, 255 (1936) ("Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.").  Plaintiff Travis would be effectively sidelined in her claims while Proposed Intervenors attempt to settle the rule of law that may or may not govern her case.  Because she is not a member of their proposed class, she would have no other recourse.  Presuming Proposed Intervenors concede that Plaintiff Travis has a right to file a claim at all (far from a safe presumption), they cannot insist that it be brought in a forum that lacks personal jurisdiction.  Apart from this, Plaintiff Travis properly filed her claim in this Court, in which all jurisdictional requirements are met.  Transfer of her action to the Middle District of Pennsylvania under § 1404 is impossible, and dismissal or stay of her action for failure to file in the Middle District of Pennsylvania would be prejudicial.  The Court should deny Proposed Intervenors motion.

## CONCLUSION

Based on the foregoing, the Court should deny Proposed Intervenors' motion in its entirety.

Respectfully submitted,

Dated: October 25, 2017

s/ Brian C. Gudmundson
Brian C. Gudmundson
Michael J. Laird
Bryce D. Riddle
**ZIMMERMAN REED LLP**
1100 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone:  (612) 341-0400
Facsimile:  (612) 341-0844
brian.gudmundson@zimmreed.com
michael.laird@zimmreed.com
bryce.riddle@zimmreed.com

Michael R. Reese
George V. Granade
**REESE LLP**
100 West 93rd Street, 16th Floor
New York, NY  10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272
mreese@reesellp.com
ggranade@reesellp.com

Arthur M. Murray
Stephen B. Murray
Robin M. Myers
**MURRAY LAW FIRM**
650 Poydras Street, Suite 2150
New Orleans, LA 70130
Telephone:  (504) 525-8100
Facsimile:  (504) 584-5249
amurray@murray-lawfirm.com
smurray@murray-lawfirm.com
rmyers@murray-lawfirm.com

Gary F. Lynch
**CARLSON LYNCH SWEET KILPELA &
    CARPENTER, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Telephone: (412) 322-9243
Facsimile: (412) 231-0246
glynch@carlsonlynch.com

22

Bryan L. Bleichner
**CHESTNUT CAMBRONNE**
17 Washington Avenue North
Suite 300
Minneapolis, MN 55401
Telephone: (612) 339-7300
Facsimile: (612) 336-2940
bbleichner@chestnutcambronne.com

Karen Hanson Riebel
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
100 Washington Ave. S.
Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612-339-0981)
khriebel@locklaw.com