**EXHIBIT B**

**VedderPrice**

Chicago
New York
Washington, DC
London
San Francisco
Los Angeles
Singapore
vedderprice.com

November 12, 2018

Lisa M. Simonetti
Shareholder
+1 424 204 7738
lsimonetti@vedderprice.com

**VIA EMAIL**

Brian C. Gudmundson, Esq.
Zimmerman Reed LLP
1100 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
brian.gudmundson@zimmreed.com

Re:   Travis v. Navient Corporation, et al.,
      Case No. 2:17-CV-04885-JFB-GRB

Dear Counsel:

We write in response to your letter of October 30, 2018, to address what you refer to as "ongoing discovery issues" in the above-referenced matter. In your letter, you express a sense of urgency regarding discovery and seek to impose various deadlines upon defendants Navient Corporation and Navient Solutions, LLC, formerly known as Navient Solutions, Inc. (together, "Defendants"). Indeed, you close the letter by saying that Defendants "cannot continue to delay" discovery. Left unsaid, though, is that no discovery deadline has been set here – in fact, there is no scheduling order in place. Thus, as we have expressed to you in previous conversations, Defendants see no reason to waste party resources -- and certainly not Court resources -- in addressing discovery disputes given the current posture of this matter.

As you know, pending before the Court is a motion to dismiss that, if granted, would be case dispositive, and Defendants also have moved to strike the class allegations. At this point, it appears that the Court is evaluating these motions; on September 26, 2018, it requested supplemental briefing on the preemption defense. Although Defendants' motions do not automatically halt the discovery process, the interests of efficiency and judicial economy are best served by waiting to resolve any discovery disputes until the motions are ruled upon, particularly given that there is no scheduling order. Defendants are well aware of the applicable discovery principles and do not dispute that (should this case survive dismissal) Defendants will have additional discovery obligations. But the extent of those obligations, if any, will not be clear until the motions before the Court are resolved.

In any event, rather than asserting a blanket objection that discovery was premature and/or moving to stay discovery, Defendants responded to plaintiff's initial round of written discovery, provided other additional information and engaged in initial discussions about discovery protocols because doing so imposed a limited burden on Defendants. However, there is simply no reason, at this stage, to push forward with addressing more complicated discovery issues. In your letter, you raise numerous issues that would be burdensome for Defendants to address, and some may require Court intervention. Thus, if plaintiff insists on pursuing all of those issues now, Defendants will move for a stay of discovery pending the Court's rulings on the motions. Or, if there is a limited set of issues that you would like to discuss, but that would not impose unreasonable burden at this point, please let us know.

1925 Century Park East, Suite 1900  |  Los Angeles, California 90067  |  T +1 424 204 7700  |  F +1 424 204 7702

Vedder Price P.C. is affiliated with Vedder Price LLP, which operates in England and Wales, Vedder Price (CA), LLP, which operates in California, and Vedder Price Pte. Ltd., which operates in Singapore.

Brian C. Gudmundson, Esq.
November 12, 2018
Page 2


Very truly yours,


/s/ Lisa M. Simonetti
Shareholder


cc:     Michael J. Laird, Esq.
        Michael Reese, Esq.
        Bryan L. Bleichner, Esq.
        Gary F. Lynch, Esq.
        Arthur M. Murray, Esq.
        Karen Hanson Riebel, Esq.